## Altdorfer's Estate.

*Will—Construction—Nearest relatives—Repetition of same words.*

1. While the repetition by a testator of the same words or phrases to which he has previously given a definite meaning will prima facie be presumed to carry the same meaning in the second use, yet this presumption must give way to any indication of a different intent on the part of the testator.

2. The testator after leaving his whole estate to his wife, adding "she has helped to make it, therefore she shall enjoy it," wrote, "it is my wish . . . . that my nearest relatives, brother, sister or their children, may they yet live at Kircheim, (if they should be living) . . . . shall inherit one-half of all the estate my wife may possess at the time of her death . . . . the other half shall come to the nearest relatives of my wife or if she wants to make a will to any one else she may name she can dispose of one half of all she may leave just as she pleases." *Held*, that the words "nearest relatives" as applied to the kin of the wife, were not to be construed in the same sense as the same words as applied to the kin of the testator, but that they should be limited to such as should be properly defined as nearest.

3. In such a case a sister of the wife takes to the exclusion of nephews and nieces, children of a deceased sister.

Argued Jan. 13, 1909. Appeal, No. 335, Jan. T., 1908, by Anna Katharina Kronmaier, from decree of O. C. Phila. Co., April T., 1908, No. 80, dismissing exceptions to confirmation of inquisition in Estate of Johann Christen Altdorfer, deceased. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Petition in partition.

From the record it appeared that the court decreed that the children of a deceased sister of the half blood of testator's wife were entitled to share with a sister of the whole blood of the wife in the portion of the estate over which the wife had power of disposition. The wife died intestate after surviving the testator. The terms of the will are set forth in the opinion of the Supreme Court.

*Error assigned* was the decree of the court.

*Gustavus Remak, Jr.,* for appellants.

*William Drayton,* for appellees.

OPINION BY MR. JUSTICE MITCHELL, June 22, 1909:

While the repetition by a testator of the same words or phrases to which he has previously given a definite meaning will prima facie be presumed to carry the same meaning in

the second use, yet this presumption must give way to any indication of a different intent on the part of the testator. In the construction of this will, complicated as it is by a want of familiarity with the accurate use of the English language, we cannot ignore a diversity in the circumstances and the apparent intent under which the similar words were used.

After leaving his whole estate to his wife, adding "she has helped to make it, therefore she shall enjoy it" the testator wrote, "it is my wish . . . . that my nearest relatives, brother, sister or their children, may they yet live at Kircheim (clearly meaning if they should be living), . . . . shall inherit one-half of all the estate my wife may possess at the time of her death . . . . the other half shall come to the nearest relatives of my wife or if she wants to make a will to any one else she may name she can dispose of one-half of all she may leave just as she pleases." The prominent thought here is that the testator considered the estate as belonging equitably at least to himself and to the wife who had helped him make it and intended that it should finally go equally to the nearest relatives of each. As to his own share he names definitely the relatives, brother and sister, and establishes the right of representation among them by adding "or their children." As to these the devise is absolute, and except for what she may have consumed during her life he asserts his wish positively, it is beyond her control by will or otherwise. He defines not only the property he is disposing of but also the persons who are to take it.

As to her share, however, the conditions are different. She has an unlimited power of disposition of it by will, and her relatives get nothing except through her gift or her intestacy. Testator had in mind no special or defined persons who should ultimately take, but only the general idea that they should be such as would represent her. He therefore used only the general words "nearest relatives" without defining them as he had in his own case. Under such circumstances the presumption is that he meant such relatives as should properly be defined as nearest. To give effect to this word it was held in White's Estate, 27 W. N. C. 253, that sisters

excluded nephews and nieces, citing and following Locke v. Locke, 45 N. J. Eq. 97, and the decision has been generally acquiesced in.

Decree reversed and partition directed to be made on the principles of this opinion.