## Price's Estate,

*Petition for review—Estoppel of petitioner by payment by his decedent of fund under adjudication to be reviewed.*

Where the widow of the testator, being entitled to share in a fund created by his partial intestacy as one of his next of kin, declined to take any part of the fund and joined with her co-trustee in paying it to other distributees, her executor is estopped, after her death, from maintaining a petition to review the adjudication awarding the fund to the persons to whom she made the payments; but such estoppel does not extend to the right of the executor to the undistributed income.

Petition for review. O. C. Phila. Co., Oct. T., 1890, No. 119.

Isaac C. Price died Aug. 8, 1889, leaving a will, duly admitted to probate, by which he devised his real and personal property to his executors and trustees, of whom his widow was one, in trust to pay 3-10ths of the income to his widow for life, with gifts over, and the balance to other legatees. The widow died Dec. 9, 1921, leaving a will, duly admitted to probate, by which she appointed Henry S. Borneman, executor, and left the residue of her property to Lavinia T. Somers as sole residuary legatee. On Sept. 18, 1917, one of the testator's grandsons died unmarried and without issue, leaving an instrument in writing, which was subsequently declared by the Orphans' Court, on the adjudication of the trustees' account, to be an invalid attempt to exercise a power of appointment given by testator over a part of the income of the fund; hence, arose a partial intestacy, and the widow making no claim as her husband's next of kin, the fund was awarded to others. Her executor filed this petition to open the aforesaid adjudication at the instance of her residuary legatee. The answer to the petition set up that the said residuary legatee had no interest in the ultimate disposition of any part of the principal or income which was not subject to the assent of Mrs. Price in her lifetime. He further averred that "the said Harriet B. Price was one of the accountants, and as such in court at the time of the said adjudication, and, as one of

the trustees with respondent, paid out a large portion of said income in accordance with the said decree prior to her death, and that after her death your respondent, as surviving trustee, continued to pay the same until on or about Oct. 16, 1922. He is further advised as a matter of law and avers that the said Harriet B. Price and her executor are estopped from making any claim to the funds paid out by her under the said decree or voluntarily during her lifetime; that your respondent, as such surviving trustee, having paid out the said income until said Oct. 16, 1922, aforesaid, cannot again be called upon to pay the same. As to future income, he submits himself to such order as the court shall make in the premises."

*Joseph A. Allen,* for petitioner; *George Hart,* for Mary C. Fourl.

*W. H. S. Gould,* for estate of Isaac C. Price, deceased.

*W. H. Crawford,* for I. Price Ewing; *W. N. Stillwell,* on behalf of Nelly Hall.

GUMMEY, J., Feb. 27, 1923.—In the adjudication filed March 14, 1918, upon the second account of Harriet B. Price, trustee of the estate of Isaac C. Price, deceased, it was held that until the termination of the trust there was an intestacy as to the share of income which I. Price Cadwallader had received during his lifetime; subsequently, it being a question whether the testator's widow, Harriet B. Price (who was also the trustee), was entitled to share therein as one of the testator's next of kin (see Garrett's Estate, 249 Pa. 249), she declined to share in the distribution, and awarded the share of income under discussion to the other parties in interest.

We are of the opinion that, as Mrs. Price made this distribution herself, during her lifetime, the doctrine of estoppel should be applied to her executor as to income thus far distributed, leaving the question open as to undistributed income (see, generally, Smith's Estate, 25 Dist. R. 683).

The petition for a review is dismissed.

HENDERSON, J., did not sit.