# Stoler's Estate.

*Wills—Construction—Intent—Circumstances of decedent—Ambiguity—Remaindermen—Life estate in wife—Wife as next of kin—Appeals—Statement of questions involved.*

1. A devise or bequest to heirs or next of kin will be construed as referring to those who are such at the time of testator's decease, unless a different intent is plainly manifest.

2. If a tenant for life be of the next of kin, either solely or jointly with other persons, he will not on that account be excluded from participation in the remainder to next of kin.

3. Where a testator devises and bequeaths a life interest in his estate to his wife, and gives after her death "the same to my next of kin to be divided among them in accordance with the provisions of the intestate laws of Pennsylvania," the wife will not be considered as one of his next of kin, where the circumstances and conditions under which the will was written, and the will as a whole showed that testator did not intend that his wife's estate should participate in the distribution of the principal of his estate after her death.

4. In case of ambiguity, the court may, for the purpose of ascertaining a testator's intention with certainty, seek assistance from the circumstances attending decedent when his will was made, such as the condition of his family, the amount and character of his property, and the objects of his bounty.

5. Statements of questions involved on appeal criticised and restated.

Argued April 10, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 2, Jan. T., 1929, by J. N. Slaughenhaup, administrator of Melissa C. Stoler, deceased, from decree of O. C. Franklin Co., dismissing exceptions to amended auditor's report, in estate of John Stoler, deceased. Affirmed.

Exceptions to amended auditor's report. Before DAVISON, P. J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. J. N. Slaughenhaup, administrator of testator's widow, appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Walter K. Sharpe,* with him *John McD. Sharpe,* for appellant.—As a general rule of construction a gift to heirs or next of kin of a testator refers to those who are such at the time of his death, unless a different intent is plain: and if the tenant for life be such heir or next of kin he will not be excluded: Buzby's App., 61 Pa. 111; Stewart's Est., 147 Pa. 383; Fitzpatrick's Est., 233 Pa. 33; McFillin's Est., 235 Pa. 175.

It may be admitted that a gift to "next of kin," where this expression stands alone and the words are used in their technical sense, would not include a husband or wife as a member of the class. But an entirely different problem is presented where the gift is "to next of kin in accordance with the intestate laws of the State of Pennsylvania": Garrett's Est., 249 Pa. 249; Tatham's Est., 250 Pa. 269.

*D. Edward Long,* with him *N. F. Keller* and *William S. Hoerner,* for appellees.—John Stoler, by his expression "next of kin" in his residuary clause, did not include his wife, Melissa C. Stoler, and by the use of the expression "to be divided among them in accordance with the provisions of the intestate laws of Pennsylvania" he did not enlarge the class of next of kin so as to include his wife: Storer v. Wheatley's Exrs., 1 Pa. 506; Ivins's App., 106 Pa. 176; McCrea's Est., 180 Pa. 81; Tatham's Est., 250 Pa. 269.

OPINION BY MR. JUSTICE FRAZER, June 30, 1928:

The matter here for decision is the proper interpretation of the following provision in the will of John Stoler: "I give, devise and bequeath all my property, real, personal and mixed to my wife Melissa C. Stoler for and

during the period of her natural life. At her death I give, devise and bequeath the same to my next of kin to be divided among them in accordance with the provisions of the intestate laws of Pennsylvania." Appellant here, administrator of the estate of the widow, Melissa C. Stoler, who died intestate, contends that by the above terms of his will Stoler intended to include his wife as one of his next of kin, and consequently as such her estate is entitled to participate in the distribution to the extent of one-half of her husband's property. The auditor sustained this construction of the will and awarded one-half of the estate accordingly. Exceptions to his report were filed by the collateral heirs of John Stoler, who had died without lineal descendants. The learned judge of the orphans' court sustained the exceptions and directed a distribution of the estate among his heirs, appellees here.

By his will Stoler first created in his wife a life interest in his property, directed its final disposition as quoted above, and appointed his widow executrix of his estate to act during her life and to be succeeded at her death by his nephew as executor. In a codicil testator made one exception to his bequests to his next of kin, by giving to Annie Gipe, a niece of his wife, a share "equal in amount with such of my nephews and nieces as will under the provisions of the intestate laws of Pennsylvania receive the lowest share in amount of my estate." Under authority of the will the real estate of testator was sold and the fund to be distributed is personalty.

We may at once express our concurrence in the conclusion of the learned court below that John Stoler intended in his will that his estate should vest in his next of kin, at the time of his death. We apply to this case a rule of construction so long established in this Commonwealth as to be now considered elementary. It is thus stated in Buzby's Est., 61 Pa. 111, 116: "As a general rule of construction, it is well settled that a devise, or bequest to heirs, or heirs at law of testator, or to his next of kin,

will be construed as referring to those who are such at
the time of the testator's decease, unless a different in-
tent is plainly manifested"; and see Carstensen's Est.,
196 Pa. 325, 327, and cases there cited; this is now so
well recognized that nothing but the expression of a
clear intention to the contrary in the will can be allowed
to alter the rule: Tatham's Est., 250 Pa. 269, 276. We
may dismiss further attention to this phase of the case
before us by saying that nothing but a direct insertion
of additional words could suffice to indicate a different
intention on the part of testator.    Were it otherwise,
that intention must necessarily be shown by the unmis-
takable meaning derived from the language used; we do
not find such certainty in the language of this will to
permit a departure from the rule.

We approach then the chief question for determina-
tion, the real import of which is not conveyed in the
phraseology of appellant's statement of questions in-
volved, as follows: "After the death of the widow, is
her administrator entitled to one-half of the fund for
distribution, which is treated as personal property by
the auditor and the court"—nor by that of appellees:
"Did testator after giving his entire estate to his wife
for life, also give by his last will and codicil thereto one-
half of his estate to her absolutely?" The question neces-
sitated by the terms of the will is: Did testator intend
by the terms of his will to include his wife as one of his
next of kin? The auditor found as a conclusion of law
that the next of kin of testator are to be determined as
of the date of his death and that his widow belonged to
the class he embraced in the words "next of kin," among
whom his estate was to be divided at the end of his wife's
life interest, in accordance with the intestate laws of this
State; but the court below held that the wife did not
fall within that class and her estate was therefore not
entitled to share in the final distribution.

By the proper use of apt words, testator created in his
wife a life interest in his entire property—"all my prop-

erty, real, personal and mixed." Then, in the same paragraph of the will, abruptly and completely refraining from further express or indirect provision for her, he continued: "At her death, I give devise and bequeath the same [all my property] to my next of kin to be divided among them in accordance with the provisions of the intestate laws of Pennsylvania." We find no ambiguity or uncertainty here. The words are apt, precise and conclusive. The evidence at the hearing before the auditor and the history of the case as presented in the record before us by both appellant and appellees, certainly allow the presumption that testator knew the degree of relationship of the persons who comprised his next of kin when making his will, being his one surviving sister and nephews and nieces. There is of course no question but that these, under the will, were to be the recipients of his bounty, and that is admitted by appellant. But appellant includes the widow also in the next of kin. The gist of his argument is to the effect that a tenant for life is included in a gift to heirs or next of kin if the tenant for life is a member of that class, and that the wife here is a member of that class because testator's gift is "to next of kin in accordance with the intestate laws of the State of Pennsylvania." Unfortunately for appellant, that is not what John Stoler in his will directs. It is true and has always been held in this Commonwealth as a rule of construction that if the tenant for life be of the next of kin, either solely or jointly with other persons, he will not, on that account, be excluded from participation in the remainder to next of kin: Buzby's Est., supra; Stewart's Est., 147 Pa. 385, 386. So that the mere fact that the widow was the life tenant of her husband, under his will, could have no effect towards excluding her estate from participation in the distribution of his property; and if her husband in the will expressly provided for her inclusion, or there are expressions therein which show a clear intent on his part of such inclusion, there could be no question of the

legal soundness of appellant's claim for a share in the estate left by Stoler. A careful study, however, of the will as a whole convinces us that the rule of construction stated above does not control here. The claim of appellant that testator's intention was to include his wife as one of his next of kin is based on an obvious fallacious construction of the instrument, reached by an equally obvious misplacement of testator's words. The will does not say, as insisted by appellant, that the gift is "to next of kin in accordance with the intestate laws of Pennsylvania." That is a positive disarrangement of testator's words to arrive at an interpretation of the will in accordance with appellant's argument. What the will says and directs exactly is that testator gives his estate "to my next of kin to be divided among them in accordance with the provisions of the intestate laws of Pennsylvania." Here certainly there is no need of paraphrase or verbal transposition to gain the meaning of the will and intention of testator. The words used are apt and plainly expressive of his desires. Upon the death of his wife and the consequent cessation of her life interest, "all" his property is to go to his next of kin,—thus himself designating the relationship to him,—and then he directs that the division of his property among them shall be as the intestate laws require. Any transposition of the words from their regular sequence as set down by testator in this clause of his will must result in a plain perversion of their real meaning. As the learned judge of the court below states, "the testator does not say his next of kin according to the intestate laws of Pennsylvania." It is the distribution alone that is to be made as the law requires. Relationship to him of his beneficiaries was fixed by himself by his own words, in expressly designating his "next of kin," and no others, with the exception of a share given in the codicil of his will "to my wife's niece," one outside of the range of his next of kin. Where in the terms of a will there is no ambiguity or obscurity, and the intent of testator is clear and manifest,

doubt as to that intent may not be conjured up, for the will then speaks for itself.

Since testator, having himself named the class, his next of kin, of those who were to receive his estate, does his will clearly make manifest an intention to include his wife among his next of kin? There is nowhere to seek a definite answer except within the four corners of the instrument itself. It is impossible, with a sense of fairness, to get away from the impression, created by the unquestionably proper use of appropriate words to express his intentions as to the successive steps to be taken, from first to last, for the disposition of his property, that in using the words "next of kin" testator was fully cognizant of the exact range of persons included within the meaning of the phrase. A husband is not next of kin to his wife, nor is she next of kin to him: Garrett's Est., 249 Pa. 249, 251. "A wife is not related to her husband in any respect. Of his connection with her family she is the link or commune vinculum; but so far is she from being connected with him as a relation, that her civil existence is melted into his, and they together form one person. A wife, therefore, is no more a relation or connection of her husband than the husband is a relation or connection of himself": Storer v. Wheatley's Exrs., 1 Pa. 506, 507. We think it may be said that, after all, the technical meaning of the words "next of kin" is in fact their proper meaning. Observation, we believe, will demonstrate that in current conversation, as well as in literature, and law, the words "kin" and "kinship" are generally used to denote only persons related by blood, and a relationship by blood; we are not therefore willing, in absence in the will of anything to the contrary, to impute to a man of the evident intelligence of this testator, a lack of knowledge of the general signification attached to the words "next of kin" as he used them. We may not presume ignorance where there is no evidence of ignorance. Moreover, we find in the codicil to this will an enlightening instance of his proper under-

standing of the words. Desiring to make one bequest
beyond the range of his relations by blood, in favor of
Annie Gipe, "my wife's niece," as he is careful to desig-
nate her, he bequeaths to her a share in his estate "equal
in amount with such of my nephews and nieces," etc.
Here is ample proof that there was in his mind suffi-
cient conception as to the family status of Annie Gipe,
not of his next of kin, in contradistinction to those who
were of that class. And it seems proper to believe that if
he intended to include his wife among those who were to
participate in the final disposition of his property he
would have been equally heedful to mention her by name
or by other sufficient designation. Such mention or
designation is entirely absent from the will; and since
we have no grounds for the presumption that he was
ignorant of the fact that she was not of his next of kin,
it is equally groundless to assume that he intended her
to share in his estate, when he himself by his own words
limited the range of those who were to share.

In a case somewhat similar to the one at hand, Till-
man v. Davis, 95 N. Y. 17, 24, the court said: "The
proper primary signification of the words next of kin is,
those related by blood, who take personal estate of one
who dies intestate and they bear the same relation to
personal estate as the word 'heirs' does to real estate.
The words 'heirs' and 'next of kin' would not ordinarily
be used by a testator to designate persons who were not
related to him by blood. In this case, if the testator had
intended that the widow should share in the estate be-
yond her life estate, it is presumable that her name would
have been mentioned."

If we assume that there is any ambiguity or uncer-
tainty in testator's intention, as the record discloses in
the present case, there were circumstances at the date
of his will which are strongly indicative of his in-
tention to exclude his wife as a sharer in the distribu-
tion of his estate; and in construing the language of
a will, that the testator's intention may be ascertained

with certainty, we are at liberty to seek assistance
from the circumstances attending decedent, such as
the condition of testators' family, amount and char-
acter of his property, and the objects of his bounty:
Mayer's Est., 289 Pa. 407, 410. The Stolers were a child-
less family, his wife's immediate relations consisted of
two aged and childless sisters and a niece, Annie Gipe,
the single person to whom he left a gift outside of his
next of kin, particularly designating her as such. It
may certainly be believed that he would be solicitous
for the future welfare of his own relations among whom
was his surviving sister, and a number of nephews and
nieces. But his immediate duty when preparing his
will was to provide for the maintenance and comfort of
his wife while she lived; and he did so provide to the
full extent of his property. He turned over to her at his
death, for her use and enjoyment during her life, all his
estate,—his farm, the crops, his personal property, his
money in bank. What motive had he to do more?
Though the law presumes that a husband intends to do
his duty, it presumes not that he intends to do more;
and we find no room here for an implication of intent on
the ground of moral obligation. There was no motive
for an increase of the wife's provision, since she had the
use and enjoyment of his entire estate so long as she
lived; and in the absence of words indicative of such
increase, we are not to presume it: Storer v. Wheatley's
Exrs., 1 Pa. 506, 508.

Judgment affirmed at appellant's costs.