## Shippen Estate.

Argued November 19, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Y. G. Barco,* with her *Edward Shippen Morris* and *Barco & Barco,* for appellant.

*Frank D. Prather,* with him *Peters & Prather,* for appellee.

OPINION BY DITHRICH, J., January 17, 1952:

This is an appeal from the order of the Orphans' Court of Crawford County dismissing exceptions to an auditor's report and confirming finally the report and schedule of distribution annexed thereto.

The facts are undisputed. Evans W. Shippen died testate on March 20, 1910. The eleventh paragraph of his will was a gift of the residue of his estate to his daughter, Katharine S. Tarr, one-third of which was to be held in trust for his son, Henry H. Shippen, as provided in the fourth paragraph of the will. The last mentioned paragraph was a devise and bequest of two pieces of real estate and a sum of money to the same daughter to be held in trust for Henry H. Shippen for life, and in the following terms provided for the dis-

tribution of the trust estate upon his death: "If said Henry shall die leaving lawful issue, said trustee . . . shall pay the net income to such issue, or for their benefit at her discretion; and may at her discretion convey all or any part of said trust estate to such issue. *But if there be no such issue then said trust estate shall descend to my nearest of Kin then living, according to the laws of the State of Pennsylvania."* (Emphasis added.)

The life tenant died on September 17, 1949, unmarried and without issue. The descendants of Evans W. Shippen then living included two nieces, a nephew, and thirty-three grandnieces and grandnephews. The schedule of distribution, confirmed by the court below, provided that the balance in the hands of the substituted trustee for Henry H. Shippen be equally divided between the two nieces and the nephew to the exclusion of all other descendants of the testator more remote in degree. A grandnephew appeals.

Whether the distribution made is in accordance with the terms of the testamentary trust depends on the meaning to be given the wording "said trust estate shall descend to my nearest of Kin then living, according to the laws of the State of Pennsylvania," contained in the fourth paragraph of the will.

As used in wills, the word "descend" is often regarded as a general expression equivalent to the words "go to" or "belong to," and as indicating a passing of title by the force of the will rather than of the statute. *Klingman v. Gilbert,* 90 Kan. 545, 135 P. 682, 684; *Wise v. Wise,* 109 Ind. App. 207, 34 N. E. 2d 143, 144; Words and Phrases, vol. 12, p. 213 et seq. We so regard it here.

The expression "nearest [of] kin" is generally regarded as tantamount to "next of kin." 57 Am. Jur., Wills, §1398. With respect to the interpretation of "next of kin" there is diversity of opinion. "Some courts

espouse the view that 'next of kin' is to be interpreted, where the intention of the testator is not made clear, as referring to those who would take as in intestacy under the statute of distribution. . . . In other jurisdictions, however, the view is taken that 'next of kin' is, in the absence of contrary context, to be interpreted as including only those relatives who are in the nearest degree of relationship to the person designated, to the exclusion of the children of any relatives in that degree who died prior to the gift's taking effect, even though the latter would have shared in the estate, under the applicable statutes, had the ancestor died intestate." 57 Am. Jur., Wills, §1375. At the time of the testator's death the second view prevailed in this State (*Everitt's Estate (No. 1), 195 Pa. 450, 457, 458, 46 A. 1*), and it was the law of Pennsylvania prior to the enactment of the Wills Act of 1947.[1]

However, appellant contends, relying on *Garrett's Estate*, 249 Pa. 249, 94 A. 927, that the testator intended by the phrase in question to designate as recipients of the remainder of the trust estate on the death of the life beneficiary without issue, the class of persons who would be entitled to a share under the *intestate* laws of Pennsylvania. Under those laws the children of the deceased nieces and nephews of the testator would share the remainder of the trust estate with his nieces and nephews living at the time the life interest terminated. The children, grandnieces and grandnephews,

---

[1] The Act provides that in the absence of a contrary intent appearing in the will "next of kin" shall mean those persons who would take under the intestate laws. Act of 1947, April 24, P. L. 89, §14(4), 20 PS §180.14. But §22 of this Act, 20 PS §180.22, provides: "This act shall take effect on the first day of January, one thousand nine hundred forty-eight, and shall apply only to the wills of all persons dying on or after that day. As to the wills of persons dying before that day, the existing law shall remain in full force and effect."

would take their parents' share by representation. In the case relied on by appellant, a testatrix provided in her will that in the event any legatee predeceased her the legacy of that one was to be paid "to his or her next of kin in accordance with the intestate laws of the State of Pennsylvania." In construing the quoted phrase the Court said (p. 251) : "The words . . . 'next of kin' have a well understood legal meaning, and, in the absence of any intention by the testatrix, to be gathered from her will, to give them a popular or other meaning, their technical meaning would have to prevail, for she would be presumed to have used them in their technical sense; but if it is clear that she did not intend to so use them, her intention as to the distribution of her estate must prevail in spite of them." The Court then rejected the technical meaning of "next of kin" and held that it was clearly the intention of the testatrix that the legacy should be distributed among those entitled to the legatee's estate under the intestate laws, including a surviving spouse.

However, there is a notable difference between the phrase construed in *Garrett's Estate,* supra, and the one involved in the case at bar; namely, the absence of the word "intestate" in the latter phrase and its presence in the former. Certainly, if the words "according to the laws of the State of Pennsylvania" mean "according to the [intestate] laws of the State of Pennsylvania," then *Garrett's Estate* would be persuasive, if not controlling here, in favor of the contention advanced by appellant. But, without a direction in the will so to do, we cannot apply the provisions of the Intestate Act. Nor do we have authority, where the testator has not so directed, to interpose the word "intestate" and thereby alter language of the testator's deliberate choice. On the contrary, we must take the will as written. *Dougherty's Estate,* 117 Pa. Superior

Ct. 510, 512, 178 A. 333. As was said by the Supreme Court in *Farmers Trust Co. v. Wilson*, 361 Pa. 43, 46, 47, 63 A. 2d 14: " 'The question in expounding a will is not what the testator meant, but what is the meaning of his words.' [Weidman's Appeal, 2 Walker 359, 361, 42 Leg. Int. 338.] . . . The principle, of course, does not mean that, where a testator's intention is clear, it may be disregarded on the basis of a literal in-terpretation of his testamentary words. But, it does mean that a testator's intent is not to be arrived at by the expounder's subjective deductions as to what the testator might have meant, or even perhaps did mean, but did not say: cf. Ludwick's Estate, 269 Pa. 365, 371, 112 A. 543. The scope of the inquiry is limited to the meaning of what the testatrix said."

After full consideration of the briefs of argument and a careful reading of the will as a whole we are of the firm opinion that the phrase in issue must be given its literal and plain meaning. Hence, we hold, there being no manifestation that the testator's inten-tion was otherwise, that the meaning of "nearest of kin" must be limited to the technical meaning ascribed to "next of kin" at all times pertinent herein by the laws of Pennsylvania, including its decisional law, viz., the nearest of the testator's blood relations in equal degree of consanguinity to the exclusion of those more remote in degree. *Everitt's Estate (No. 1)*, supra. Cf. *Altdorfer's Estate*, 225 Pa. 136, 73 A. 1068; *Stoler's Estate*, 293 Pa. 433, 143 A. 121. See also Hunter's Or-phans' Court Commonplace Book, vol. II, p. 782.

Order affirmed at appellant's costs.