## Dolfinger Trust

*Duane, Morris & Heckscher,* for accountant.

*Morris Duane; Wollman, Tracey, Schlesinger & Salus; Raspin, Espenshade, Heins, Erskine & Stewart; Charles Morris Hamilton, George S. Saulnier, Roger M. Whitman* and *Vram Nedurian,* for claimants.

BOLGER, J., August 27, 1957.—This trust arose under deed of trust dated August 11, 1922, wherein settlor conveyed certain assets to the Colonial Trust Company in trust to pay the income to his wife, Matilda, for life, and after her death to pay the income to his daughter, Caroline D. McMahon, for life, and thereafter to pay the income to the issue of Caroline D. McMahon until 21 years after the death of the survivor of settlor's wife, his daughter and granddaughter, whereupon principal is to be paid to the persons receiving income in the shares in which they are entitled to receive the same. Any portion of the trust estate not so distributable is to be paid to the issue of the daughter then living, such issue to take by

representation ". . . and if no issue of my daughter shall be then surviving, then to pay and distribute the same unto the persons entitled to the estate of my daughter under the laws of the Commonwealth of Pennsylvania." The deed, a copy of which is annexed, is irrevocable. The First Pennsylvania Banking and Trust Company is the successor to the Colonial Trust Company.

The account has been filed because of the death of Caroline D. McMahon, the only daughter of settlor, on September 29, 1956. She died without issue. Her daughter, described as settlor's granddaughter, predeceased her mother . . .

By her will dated November 3, 1952, and codicils thereto, Caroline D. McMahon gave her residuary estate to Sanford D. Beecher and Maurice Heckscher in trust to create a charity to be known as the Dolfinger-McMahon Foundation for various charitable uses and purposes as therein were fully set forth.

At the audit of the present accounting, the heirs of Caroline D. McMahon claimed the entire residue of this estate as ". . . the persons entitled to the estate of (my daughter) under the laws of the Commonwealth of Pennsylvania." Maurice Heckscher and Sanford D. Beecher claimed the balance of principal as the persons entitled to the estate of Caroline McMahon. It thus becomes apparent that the deed of trust must be construed to determine whether settlor proposed that in the absence of issue, his daughter's heirs at law should receive the balance of principal or whether he intended the said balance to pass under his daughter's last will and testament.

On behalf of the executors of the daughter's estate it is urged that settlor intended to bestow the gift to whomsoever might be entitled as a beneficiary under the will of his daughter. It is contended that "persons entitled" would necessarily include charities or any

other designated beneficiary. In order to arrive at this conclusion it is essential that the deed of trust be construed so that by implication the daughter was given the power of appointment. It is recognized that powers may be created by implication. "In limitations which contain no grant of a power in specific language, the form of a gift over after a life estate may be such as to manifest an intent that the life tenant should have the power to dispose of the remainder": Restatement of the Law of Property, §323 Comment *f*.

There is no such gift which can be implied within the four corners of this deed. Had settlor provided that the remainder should go to those persons entitled to the estate of his daughter, it is possible that such an implied power of appointment could be found. However, he indicated as the ultimate remaindermen persons entitled to her estate *"under the laws of the Commonwealth of Pennsylvania"*.

It may be contended that in order to award the estate to the heirs it is necessary to give the deed an elliptical construction and insert the word "Intestate" so that the clause would read "under the *Intestate* Laws of the Commonwealth of Pennsylvania".

The auditing judge does not consider such an interpolation to be necessary. Shippen Estate, 170 Pa. Superior Ct. 405, is not in point. In that case the court had for construction the following phrase: " '. . . said trust estate shall descend to my nearest of Kin then living, according to the laws of the State of Pennsylvania' ". The conclusion was reached that the meaning of testator was clearly expressed and the award was made to the nearest of testator's blood relations and not to the next of kin per stirpes.

It is well recognized that language used in a dispositive instrument, whether by will or deed of trust, is unique and other cases are of little assistance in arriving at the true intent of testator. However, where

ambiguous or contradictory expressions appear in a will, the law adheres as closely as possible to the general rule of inheritance and favors the heir or next of kin in preference to strangers: Wood's Estate, 321 Pa. 164, and Conner's Estate (No. 2), 318 Pa. 150.

So far as general intent is concerned, this settlor clearly intended to make provision for his wife, his daughter and issue, and failing issue, intended to make a gift to the heirs of his wife.

Just as the court is unable to supply words, so also it is necessary to give meaning to all of the words used by settlor. It would be fatuous to consider that testator intended only those persons who might be selected by his daughter under an instrument, which would qualify in accordance with the laws of the Commonwealth of Pennsylvania, to receive the remainder interest. By the same reasoning if the executors of the daughter's will are to prevail, it must be contended that had she disposed of her entire estate by a writing effective during her lifetime, that this remainder would have been transferred by such an inter vivos instrument. Settlor clearly intended to make a complete disposition of the corpus of the trust. He did not intend any portion of it to revert to his own estate and pass to his intestate heirs.

The claim of the executors is dismissed and distribution will be decreed to the next of kin, all of whom are, in accordance with the stipulation of counsel, first cousins of Caroline McMahon . . .

Leave is hereby given the accountant to make all necessary transfers and assignments.

And now, August 27, 1957, the account is confirmed nisi.