Sellers Estate

■■■■■■
■■■■■■
■■■■■■

*MacCoy, Evans & Lewis,* for accountants.

*Charles F. G. Smith,* for claimant.

*Charles Morris Hamilton,* for next of kin.

KLEIN, P. J., November 2, 1959.—By deed dated November 6, 1936, Sarah Mendinhall Worrell Sellers transferred and assigned a certificate of interest of the face value of $5,000 in a mortgage of $400,000 on premises in the Borough of Millbourne, Delaware County, in trust to pay the income therefrom to Marion S. A. Vanderhoof, for life, with the following directions to become operative upon her death:

"IN TRUST upon the death of the said Marion S. A. Vanderhoof upon such terms that in case the said Marion S. A. Vanderhoof leaves to survive her a child or children and/or a husband who is living at the time of the creation of this Trust, she shall have the right to appoint by Will or instrument in the nature thereof, to such child or children an absolute estate in the principal of this Trust in such shares and proportions as she may appoint, and to such husband, an estate for his life or any lesser estate; and in case she leaves surviving her no child or children, she shall have the right to appoint by Will or instrument in the nature thereof, to such husband for his life, the whole of her interest; and upon his death or in any other case or in default of appointment, the principal of the said Trust shall be distributed in equal shares per stirpes to and among the next of kin of the said

Marion S. A. Vanderhoof, under the laws of the State of Pennsylvania, as they exist at that time."

A copy of the deed, certified by counsel to be a true and correct copy, is annexed hereto.

The occasion of the filing of the present account was the death on February 15, 1959, of Marion S. A. Vanderhoof, cestui que trust for life, and the resulting termination of the trust. Wachovia Bank and Trust Company and Arnold H. Vanderhoof are stated to be executors of the estate of the said Marion S. A. Vanderhoof, by virtue of letters granted by the Superior Court of Buncombe County, N. C.

The deceased cestui que trust left to survive her her husband, Arnold H. Vanderhoof, and three children, Mildred Almy Vanderhoof Leavitt, Jane Arnold Vanderhoof Davis and Julia Sellers Vanderhoof Nash, all apparently of age, and no issue of deceased children.

By her will, a certified copy of which is also annexed hereto, the said Marion S. A. Vanderhoof provided, inter alia, as follows:

". . . I make no exercise of the power of appointment which I have by virtue of an Indenture dated the 6th day of November, 1936, between Sarah Mendinhall Worrell Sellers, Settlor and The Pennsylvania Company for Insurance on Lives and Granting Annuities and Granville Worrell, 2nd Trustees."

The deceased cestui que trust having thus expressly refrained from exercising her power of appointment under the present deed of trust and having left to survive her a husband and three children, as stated above, the statement of proposed distribution requests the auditing judge to decide whether the husband of the deceased cestui que trust is entitled to share with her daughters in the distribution of the principal.

As recited above the deed of trust provides that if the life tenant shall die leaving to survive her a child or children and/or a husband, which is the circum-

stances with which we are confronted, she shall have the right to appoint by will to such children "an absolute estate in the principal of this Trust in such shares and proportions as she may appoint, and to such husband, *an estate for his life or any lesser estate.*" (Italics supplied.) If the life tenant should leave to survive her no children, she had the right to appoint to her husband, for life "the whole of her estate," which was a life estate only, "and upon his death or in any other case or in default of appointment", settlor directed that "the principal . . . shall be distributed *in equal shares per stirpes* to and among the next of kin" of the life tenant. (Italics supplied.)

The deed was created in 1936, so that neither section 14(4) of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.14, nor section 14(1) of the Estates Act of April 24, 1947, P. L. 100, 20 PS §301.14, applies, and none of the cases cited by counsel in their briefs is exactly apposite.

The simple, unalterable standard of construction in the present case is the deed itself, which, in the opinion of the auditing judge, expressly precludes any consideration of the husband as "next of kin" of the deceased life tenant. Her power to appoint to her husband is limited to a life estate "or any *lesser* estate", or to "her (the life tenant's) interest", which was also only a life estate. Settlor could not more clearly have defined the extent of the interest which she intended the life tenant's husband to receive.

Moreover, the limitations "in equal shares" and "per stirpes" upon the gift over to "next of kin", in default of appointment, both preclude the life tenant's husband from inclusion in the intended class, if the obvious and express intention of settlor does not. If by devious acrobatics of construction the deed could be paraphrased to read "next of kin under the Intestate Laws", which, under Garrett's Estate, 249 Pa. 249

(1915), and dictum in Stoler's Estate, 293 Pa. 433 (1928), might, conceivably, substantiate the husband's claim, he would not then take "in equal shares" with his children, but would, presumably, take a one-third share, as contrasted with their respective two-ninths shares. And in no event could the "per stirpes" limitation apply to any interest he might take by inclusion in the same class with his children.

The balance of principal in remainder will accordingly be awarded in equal one-third shares to the three children of the deceased life tenant, Mildred Almy Vanderhoof Leavitt, Jane Arnold Vanderhoof Davis and Julia Sellers Vanderhoof Nash. . . .

And now, November 2, 1959, the account is confirmed nisi.