## Kohler's Estate.

*Will—Change of law—Adoption.*

A testator who commits the distribution of his estate to the law, upon the happening of an event necessarily future, must reasonably be presumed to have contemplated the possibility of a change in the law in the meantime.

Where a will executed in 1853, prior to the adoption law of May 4, 1855, P. L. 431, contains a devise to a son for life with remainder to such person or persons as would be entitled by law to take the son's estate, an adopted daughter of the son, adopted in 1889, one year prior to the son's death, is entitled to take the devise.

Argued March 26, 1901.   Appeal, No. 13, Jan. T., 1901, by Emma L. Diver, Marian M. Darlington, Maria C. Lippincott, Josephine M. Kramer, Adeline C. Kohler, Anna C. Foulke and Carrie M. Karsner, from decree of O. C. Phila. Co., Oct. T., 1897, No. 79, dismissing exceptions to adjudication in the estate of John Kohler, deceased.   Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Exceptions to adjudication.

From the record it appeared that John Kohler, by will dated October 11, 1853, republished by codicil dated February 23, 1866, gave part of his estate in trust for his son, John F. Kohler, for life, with remainder to " such person or persons as would be entitled thereto if my said son John F. Kohler had survived his wife and died intestate, and possessed thereof and in such shares and proportions as such person or persons would in such case be entitled by law."

John Kohler died August 8, 1868.

John F. Kohler died September 12, 1900, having survived

his wife, and by his will, dated May 28, 1897, gave his entire estate to his "adopted daughter Esther P. Kohler Keen."

By order of the court of common pleas of Bucks county, dated September 9, 1889, upon proceedings duly had, it was decreed that, " the said Esther P. Keen, an adult person, shall have all the rights of a child and heir of the adopting parent, John F. Kohler, and be subject to the duties of such child, and that she shall assume the name of Esther P. Kohler Keen."

The auditing judge (ASHMAN, J.), found that said adopted daughter was the " person " who, upon the death of her father, " would be entitled by law," and awarded the fund to her. Exceptions to this finding were dismissed by the court in banc.

*Error assigned* was the decree of the court.

*J. Campbell Lancaster*, with him *Charles E. Lex*, for appellant.—Adopted children are not children of the person by whom they have been adopted, and the act of assembly does not attempt the impossibility of making them such : Schafer v. Eneu, 54 Pa. 304 ; Sunderland's Est., 60 Iowa, 732 ; Meader v. Archer, 65 N. H. 214.

It is submitted that the important consideration in this case is the fact that testator having made his will in 1853, having died in 1868, and the adoption act under which such adoption was made not having been passed until 1889, not only could not his actual intention have been to benefit an adopted child, but his legal intention must be considered to be as of the time that he made his will: Mullock v. Souder, 5 W. & S. 198; Packer v. Packer, 179 Pa. 580 ; Martindale v. Warner, 15 Pa. 471.

Though a will, it is true, does not take effect until after the testator's death, yet it is inchoate, though not consummate, from the execution of it, and for many purposes in law it relates to the time of the making of it : Packer v. Packer, 179 Pa. 580 ; Quin's Est., 144 Pa. 444 ; Neal's App., 104 Pa. 214 ; Taylor v. Mitchell, 57 Pa. 209 ; Gable's Executors v. Daub, 40 Pa. 217.

*Ira J. Williams*, *Henry Lear*, *Alex. Simpson*, *Jr.*, and *Francis Shunk Brown*, for appellee, were not heard.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901:

The learned judge below very forcibly said: " The will of John Kohler, father of the cestui que trust, was written thirty-six years before the decree of adoption, and that event therefore was not reasonably within the contemplation of the testator. But as he gave the estate to those persons to whom the law would give it in the case of intestacy, he cannot be said to have had any particular class of heirs or next of kin in view, and he committed the question of determining who should take to the law itself." And it is only necessary to add that a testator who commits the distribution of his estate to the law, upon the happening of an event necessarily future, must reasonably be presumed to have contemplated the possibility of a change in the law in the mean time. McGunnigle v. McKee, 77 Pa. 81, and Johnson's Appeal, 88 Pa. 346, were decided on this principle.

Decree affirmed.