## Fitzpatrick's Estate.

*Wills—Construction—Legal heirs—"Then"—Trusts and trustees.*

1. Where a testator creates a trust for the benefit of his sister during her life, and after her death gives the principal thereof "to her children in equal shares, but in the event that no children survive her, then I give and bequeath the same to my legal heirs," and the sister dies without children surviving her, the persons who are entitled to the principal of the fund at the death of the sister are the heirs of the testator living at the time of his death.

2. In the construction of wills there are instances in which the word "then" as used in connection with the devise of property has been held to be an adverb of time, but this is not the general rule, which is, that it does not point to the time but indicates the event.

Argued May 15, 1911. Appeal, No. 106, Jan. T., 1911, by John F. Barry, from decree of O. C. Lancaster Co., dismissing exceptions to adjudication in Estate of John J. Fitzpatrick. Before MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

From the record it appeared that testator, John J. Fitzpatrick, died December 14, 1889, leaving to survive him, his sister, Catharine R. Eckert, and a nephew and two nieces, the children of a sister who died before the testator.

The auditing judge construed the clause of the will quoted in the opinion of the Supreme Court as giving the remainder, after the death of his sister without children, to the testator's legal heirs at the time of his death. He therefore awarded one-half of the corpus to Charles W. Eckert, the executor of Catharine R. Eckert, and the remaining one-half of the corpus to the nephew and two nieces share and share alike.

The exceptions to the adjudication complained of the award of one-half of the fund to the representative of Catharine R. Eckert, on the ground that Mrs. Eckert was

not a legal heir within the meaning of the will. The exceptions were dismissed in an opinion by SMITH, P. J.

*John E. Malone* and *Richard M. Reilly*, for appellants, cited: Leeming v. Sherratt, 2 Hare 14; Schuldt's Est., 199 Pa. 58; Pleasonton's App., 99 Pa. 362; Adams's Est., 208 Pa. 500.

*J. A. Coyle* of *Coyle & Keller*, for appellee, cited as to the use of the word "then": Buzby's App., 61 Pa. 111; Ashton's Est., 134 Pa. 390; Stewart's Est., 147 Pa. 383; Fuller's Est., 225 Pa. 626; Vance's Est., 209 Pa. 561; Hennessy v. Patterson, 85 N. Y. 91; Schwencke v. Haffner, 45 N. Y. Supp. 937; Coggins's App., 124 Pa. 10; Colonial City Traction Co. v. R. R. Co., 153 N. Y. 540 (47 N. E. Repr. 810); Ash v. Coleman, 24 Barb. 645; Bunting v. Speek, 41 Kan. 424 (21 Pac. Repr. 288); Rose v. McHose, 26 Mo. 590; Barker v. Southerland, 6 Dem. Sur. (N. Y.) 220; Hall v. Priest, 72 Mass. 18; In re Moloughney, 73 N. Y. Supp. 598; Connelly v. O'Brien, 58 N. Y. Supp. 45.

OPINION BY MR. JUSTICE ELKIN, July 6, 1911:

John J. Fitzpatrick in his last will and testament provided, inter alia, as follows: "I give and bequeath to my hereinafter named executor, the sum of twelve thousand dollars in trust as follows: the same to be invested at interest in good security and the net income thereof to be regularly paid to my sister, Catharine, wife of Charles W. Eckert, during her lifetime and after her death I give and bequeath said principal sum of twelve thousand dollars to her children in equal shares, but in the event that no children survive her then I give and bequeath the same to my legal heirs." The sister for whose benefit the trust was created died without leaving issue and the question arises to whom shall the corpus of the trust estate be distributed. The learned court below directed the distribution to be made to the "legal heirs" of the testator living at the time of his death. In so doing he applied a rule of construction

of almost universal application. The rule is never varied unless from the four corners of the will a different intention clearly appears. This is conceded by learned counsel for appellant, but it is urged that the will considered as a whole does show a different intention. With this contention we cannot agree. The will was drawn by a skillful hand and the language used to express the intention of the testator is clear and unambiguous. A trust was impressed upon the fund set apart for the benefit of the sister during the period of her life. At her death the principal sum was to be divided among her children in equal shares, "but in the event that no children survive her then I give and bequeath the same to my legal heirs." No children did survive the sister and hence the contingency happened for which the testator made provision. In that event the principal sum was to go to his legal heirs. Who are his legal heirs? This question has been asked and answered in numerous adjudicated cases. They are the heirs living at the death of the testator unless a different intention clearly appears from the will itself. In the present case violence would be done to the plain meaning of words if it should be held that a different intention clearly appears. On the contrary, giving the language used its natural import, the clear intention of the testator seems to have been to provide for the contingency in the event that his sister die leaving "no children survive her."

In the construction of wills there are instances in which the word "then" as used in connection with a devise of property has been held to be an adverb of time, but this is not the general rule, which is, that it does not point to the time but indicates the event. In the case at bar we are clear that it refers to the event upon the happening of which the legal heirs take, and not to the time when their right to take begins. To this effect can be cited the following cases: Buzby's App., 61 Pa. 111; Ashton's Est., 134 Pa. 390; Stewart's Est., 147 Pa. 383; McCrea's Est., 180 Pa. 81; Fuller's Est., 225 Pa. 626. To this might be

added a long line of cases in our own state as well as from other jurisdictions. We think the case was properly disposed of by the learned court below.

Decree affirmed, costs to be paid out of the estate.