(No. 12507.—Reversed and remanded.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, vs. AN-
NIE FRANCES THOMPSON CAMP et al. Exrs., Appellants.

*Opinion filed February 20, 1919.*

1. WILLS—*under what provision of will property goes to heirs-
at-law.* Where a will creating a trust provides that upon the hap-
pening of a certain contingency the estate of the testatrix "shall be
distributed according to law and the rules of descent as provided
by the State of Illinois," the property will go to the heirs-at-law
and next of kin.

2. SAME—*devise to heirs-at-law means heirs at death of testator
in absence of contrary intention.* A will speaks from the death of
the testator, and a bequest or devise to the testator's heirs-at-law
and next of kin will be construed as referring to those who are such
at the time of his death unless a different intent is plainly mani-
fested by the will. (*Johnson* v. *Askey*, 190 Ill. 58, distinguished.)

3. SAME—*it is presumed testatrix understood meaning of will.*
Where the language used all through a will is clear and unambigu-
ous it must be assumed that the testatrix understood the meaning
of the will as it was drawn.

4. SAME—*meaning of words "then and in such case" in con-
nection with devise.* The words "then and in such case," used in
connection with a devise over to the heirs-at-law of the testatrix,
do not point to the time when the right of the beneficiaries to take
begins but ordinarily refer to the event upon the happening of
which the heirs-at-law take the property.

5. INHERITANCE TAX—*when tax cannot be assessed against a
nephew under devise to heirs-at-law.* Where a will creates a trust
in favor of the two daughters of the testatrix for life with re-
mainder to their children, a subsequent provision that in case both
daughters shall die without leaving issue the property shall be dis-
tributed according to the laws and rules of descent of the State
of Illinois passes no possible interest to a nephew of the testatrix
but only to the two daughters, who were the only heirs-at-law and
next of kin of the testatrix at the time of her death, and as the
nephew has no possible interest under the terms of the will no
inheritance tax based thereon can be upheld.

APPEAL from the County Court of Cook county; the
Hon. ROSCOE J. CARNAHAN, Judge, presiding.

NORMAN K. ANDERSON, and BENJAMIN CLARKE, for
appellants.

EDWARD J. BRUNDAGE, Attorney General, and LEROY MILLNER, (HENRY F. HAWKINS, of counsel,) for appellee.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

Mary F. Thompson died testate October 16, 1916, a resident of Chicago, Illinois, leaving surviving her as her only heirs-at-law, Annie Frances Thompson Camp, then forty-nine years of age, and Eva Thompson Rogers, then forty-one years of age, her daughters. The testatrix also left her surviving as her only grandchildren, James Harriman Rogers and Edward Alden Rogers, sons of her daughter Eva, whose ages at the death of the testatrix were thirteen and eleven years, respectively. Testatrix also left her surviving one brother, Charles A. Pulsifer, and one nephew, Frederick Pulsifer, son of Charles. The daughters, grandchildren, brother and nephew of the testatrix are all still living, and so far as the record shows were her only relatives living at her death. At the time of her death no children had been born to her daughter Annie. She executed her last will and testament October 5, 1910, providing in item 1 for the payment of all her just debts and funeral expenses. By item 2 she disposed of the remainder of her property in the following language:

"*Item 2*—I give, devise and bequeath unto Annie Frances Thompson Camp, my daughter, and Edwin S. Rogers, husband of my daughter Eva Thompson Rogers, trustees, all and singular the property, effects, rights and interests, real and personal, of every nature and kind and wherever situate, of which at the time of my death I am the owner or in which I have any interest whatsoever, in trust, nevertheless, to have and to hold the same for the following uses and purposes, and none other:

"(*a*) To take possession of, have, manage, govern and control the said property and effects and each and all thereof, and to care for, preserve and conserve the same, and out

of the rents, interest, income, profits and increase thereof from time to time, and at least every six months during the lifetime of my said daughters, Eva Thompson Rogers and Annie Frances Thompson Camp, to pay to each of them an equal one-half of the net rents, interest, issues, profits, income and increase thereof, and upon the death of either of my said daughters, leaving her children surviving, to pay and turn over to each guardian or guardians of such surviving child or children of such deceased daughter, during the minority of each surviving child, an equal portion or share of the said one-half of said net rents, profits, income and increase of said property and effects, and from time to time as such surviving child or children attain a majority, respectively, to pay, deliver and turn over to such child or children an equal portion of the said one-half of the said property and effects so held in trust by said trustees; provided, however, that if either of my said daughters shall die without surviving children, or if at any time before attaining majority all of the surviving children of my said daughters shall die without issue, then and in that case the said portion of said daughter shall revert to and vest in the surviving daughter, or in case of her death leaving children her surviving, then in such surviving children or their issue, share and share alike.

"(b) In case of the death of both my said daughters without any child surviving or the failure of children and their issue of both of said daughters, then and in such case my said property and estate shall be distributed according to law and the rules of descent as provided by the State of Illinois.

"(c) I hereby vest in, give to and bestow upon my said trustees, and their successors in trust, full power, right and authority at any time, in their judgment and discretion, to sell, re-sell, convey, mortgage, incumber or exchange any of the said property, effects and estate hereby conveyed to and vested in them, and also full power, right, title and

286 — 33

authority at any time or times, in their discretion and judgment, to invest and re-invest any portion of said property and effects, or the proceeds thereof, in any real or personal property, stocks, bonds or mortgages, and such investments and re-investments, or such property taken in exchange or purchased or acquired from, by or with my said property, effects and estate, shall be subject to terms and conditions of the uses and trust hereby created, and may be in turn sold, conveyed, mortgaged, incumbered or exchanged as to the judgment and discretion of my said trustees shall seem advisable and proper."

The only other provisions of the will material to this case are, that on the death of one trustee the survivor may discharge all the powers of the trust given to both and appoint a successor with like powers; that the trustees may pay all taxes and expenses of the trust before paying rents, profits, etc., to any beneficiary, and retain a sufficient sum to care for and preserve the property; and Edward S. Rogers and Annie Frances Thompson Camp are named as executors of the will, and the giving of any bond as such executors is waived. Letters testamentary were duly issued by the probate court of Cook county to the appellants as executors.

The testatrix left an estate wherein the gross value of the personal property amounted to $66,784.44 and the gross value of the real estate amounted to $201,000. The matters came up for hearing before the tax appraiser, and after allowing all proper deductions there remained a net total market value of all the property in the sum of $260,940.78. The value of the life estate of Eva Thompson Rogers was fixed by the appraiser at $86,497.49 and that of Annie Frances Thompson Camp was fixed at $77,577.69, and the inheritance tax on each of their successions was fixed at one per cent after deducting their statutory exemptions of $20,000 each, amounting to $663.97 and $575.78, respectively. On the remaining sum ($96,965.60) an inheritance

tax was fixed on a succession of the surviving nephew of decedent against the trustees and such remainder held in trust by them, at four per cent after deducting exemptions in favor of her nephew of $2000, amounting to $3798.62. The judge of the county court approved the report and recommendation of the appraiser. The inheritance taxes on the life estates were paid without objections. An appeal was prayed and taken to the county court of Cook county by the executors and trustees aforesaid from the order of the county judge approving the finding and recommendation of the appraiser, wherein he found and fixed the tax against the trustees and the remainder on the assumption that the remainder may be succeeded to by the nephew under the provisions of the will. The county court entered a final order and judgment September 20, 1918, approving said report and assessing the tax as fixed by the appraiser, and the trustees appealed to this court.

The only questions to be determined are whether or not the provisions of section 25 of the Inheritance Tax act have been properly applied in assessing the tax in question and the will of the testatrix properly construed with reference to said section. That section provides that when property is transferred or limited, in trust or otherwise, and the rights, interest or estates of the transferees or beneficiaries are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon such transfer at the highest rate which on the happening of any of the contingencies or conditions would be possible under the provisions of the act, and such tax so imposed shall be due and payable by the executors and trustees out of the property transferred. It is not contended that said section is not applicable in the assessment of the tax, but the real contention of appellants is that the nephew of the testatrix can not, under any of the contingencies or conditions or provisions of the will, take the remainder of the property, and

that for that reason the succession tax and the exemption were fixed upon an impossible succession under the will and the tax is excessive.

By the provisions of section 1 of the Inheritance Tax act the tax rate is one per cent on any property or income therefrom passing to or for the use of any father, mother, husband, wife, child, brother, sister, wife or widow of the son or husband of the daughter, or to any lineal descendant of such decedent born in lawful wedlock, when the clear market value of the property so received is $100,000 or less, and the exemption in all such cases is $20,000. When such beneficial interests pass to or for the use of any uncle, aunt, niece or nephew, or any lineal descendant of the same, of the value of more than $20,000, such tax rate is four per cent, and the exemption in such cases is only $2000.

It is quite clear that under the provisions of paragraph (a) of item 2 of the will of the testatrix nothing can pass to the nephew of the testatrix under any contingency or condition therein named. If any interest whatever is passed by the will to the nephew it must necessarily be by reason of the provisions of paragraph (b) of item 2 of the will, and that is practically conceded. By that paragraph, in case of the death of both daughters without leaving any child or issue of either of them surviving, then and in such case the property and estate of the testatrix shall be distributed according to law and the rules of descent as provided by the laws of Illinois. The evident meaning of this clause is that in case the contingency therein named should happen, the property and estate of the testatrix should descend and be distributed to her heirs-at-law and next of kin according to our Statute of Descent as in case of intestacy. Her meaning would have been the same had she used the expression, "then and in such case my said property and estate shall go to and be distributed to my heirs-at-law and next of kin," because if distributed according to the laws

of descent of Illinois it could go to none other than her heirs-at-law and next of kin. (*Rawson* v. *Rawson,* 52 Ill. 62; *Brian* v. *Tylor,* 129 Md. 145; *Seifferth* v. *Badham,* 9 Beav. Ch. 370.) If the testatrix by such provision meant heirs and next of kin at the time of her death, then on the happening of the contingency the remainder of the property would vest in her two daughters, who were her only heirs and next of kin at her death, and no part of the property or estate would pass by the will to the nephew.

It is well established as a general rule of construction that a bequest or devise by a testator to his heirs-at-law and next of kin will be construed as referring to those who are such at the time of his death unless a different intent is plainly manifested by the will. (*Kellett* v. *Shepard,* 139 Ill. 433; *Carpenter* v. *Hubbard,* 263 id. 571; *Fitzpatrick's Estate,* 233 Pa. 33; *Brian* v. *Tylor, supra; State Street Trust Co.* v. *Sampson,* 228 Mass. 411; *Allen* v. *Almy,* 87 Conn. 517; *Holloway* v. *Holloway,* 5 Ves. 399; *Urquhart* v. *Urquhart,* 13 Sim. 613.) Where it is clearly manifested by the provisions of the will that it was the intent of the testator that those persons would be his heirs who were living at the time the distribution of property is made, then such a construction must prevail.

The will in this case was drawn by one evidently skilled in the art of drawing such instruments and who understood the meaning of the technical words employed in said clause. The language used all through the will is clear and unambiguous, and we must assume that the testatrix understood the meaning of the will as it was drawn. She manifested absolute confidence in the ability of her daughters to handle, control and manage the property disposed of by her will, by the fact that she appointed one of her daughters and the husband of the other daughter as trustees and executors without bond and gave them unlimited powers in the management and conservation of the same. It would be, in effect, adding different language with different meaning to

that used by the testatrix to hold that she meant thereby to say that if the contingency aforesaid happened, "then and in such case my said property and estate shall be distributed to my heirs and next of kin living at the time of such distribution." A will speaks at the death of the testator, and the heirs and next of kin who are to take under said clause are the heirs and next of kin at her death,—her two daughters. The words "then and in such case," used in connection with such bequest and devise, do not indicate a different intent in this will. The word "then" has been held in certain cases to be an adverb of time as used in connection with the devise of property; but this is not the general rule, which is that it does not point to the time when the right of the beneficiaries to take begins but refers to the event upon the happening of which the legal heirs take the property. *Fitzpatrick's Estate, supra.*

None of the cases cited by the State as holding contrary to the cases above cited are applicable to this case, because the facts therein that induced such holdings are not present in this case. The daughters were evidently not regarded by the testatrix as weak mentally or incapable of controlling and managing property. There are two of them and not just one, and the rule laid down in *Johnson* v. *Askey,* 190 Ill. 58, that if there is a gift to a person for life with remainder to the testator's next of kin, and the person taking the life estate is the sole next of kin at the death of the testator, the remainder will be considered as given to the persons answering the description at the termination of the estate for life, cannot be applied in this case. For similar reasons other cases cited are not applicable because the facts that controlled those cases are not present in this case.

It necessarily follows that if the nephew cannot take any of the property under the provisions of the will the assessment against the trustees and the remainder of the property of the testatrix on the theory that he would succeed to it is erroneous and the tax excessive. It is not

sufficient to say that the nephew may some time become the owner of the property by heirship or otherwise, but it must appear that the property will pass to him upon some possible condition or contingency named in the will of the testatrix. Such is not possible under our construction of the will.

The judgment of the court is therefore reversed and the cause is remanded.   *Reversed and remanded.*