## Diehl Estate

*Robert Madore*, for objectors.
*Paul A. Koontz*, contra.

WRIGHT, P. J., February 25, 1949.—This matter comes before the court upon objections to the statement of proposed distribution. At the request of counsel, we will dispose of the question involved without the intervention of an auditor.

Lee Diehl died on January 22, 1922, leaving a will dated June 9, 1921, providing in presently important part as follows:

"I give, devise and bequeath all my property, real, personal or mixed to my beloved wife Elmira E. Diehl, for and during the term of her natural life, including the income of all moneys invested. My said wife shall have the power and right to consume part of the principal of my estate if the same shall be required for her proper support and maintenance.

"After the death of my said wife I order and direct that all my property not required for said maintenance of my wife shall be sold at public sale by my executor who shall make, execute and deliver good and sufficient deeds therefor same as I could do if living, and the proceeds from said sale shall be equally divided between my heirs, and the heirs of my wife, one half to my heirs, and the other one half to the heirs of my wife."

Lee Diehl was survived by his spouse, Elmira Diehl, who subsequently married Robert Conner. Elmira Diehl Conner died intestate on February 9, 1948, survived by her spouse, Robert Conner. The balance for distribution in the estate of Lee Diehl is $3,106.72. The contest is between Robert Conner and sisters, nephews and nieces of Elmira Diehl Conner, and concerns the one-half share which is to go "to the heirs of my wife".

The position of counsel for the sisters, nephews and nieces is that testator, in using the words "heirs of my wife", did not intend a second husband to come within such class. He contends that the words em-

ployed should be taken to mean those persons who would have been the wife's heirs at the time of testator's death. The position of counsel for Robert Conner is that the words "heirs of my wife" must be taken to mean those persons who actually were the wife's heirs at the time of her death, and that her surviving husband therefore takes the entire one-half share in question.

Our answer to the problem depends upon the intention of testator. However, we are not to subjectively deduce what testator might have meant. Our exposition is to be confined to the meaning of the words which he actually used: Farmers Trust Co., Executor, v. Wilson et ux., 361 Pa. 43. Lee Diehl provided that his property was to be sold after the death of his wife "and the proceeds from said sale shall be equally divided between my heirs and the heirs of my wife". It is our conclusion that testator intended the determination of "heirs", whether of himself or of his wife, to take place at the time of the wife life tenant's death. The divide and pay rule is still in force in this Commonwealth: Loving's Estate, 159 Pa. Superior Ct. 339. The effect of this rule in the present situation is to make the remainders contingent rather than vested interests.

There originally developed in Pennsylvania a rule of construction to the effect that a devise or bequest to "heirs" of testator contemplated those persons who were such at the time of testator's death, unless a contrary intent was plainly manifested by the will: Stoler's Estate, 293 Pa. 433. This rule was changed by the Act of June 29, 1923, P. L. 914, which is not applicable to the present instrument. Our testator plainly manifested a contrary intent as to his own heirs. In Barnard Estate, 351 Pa. 313, there was a bequest to testator's wife for life and after her death to testator's heirs. This will was also not subject to the Act of

1923, supra. It was nevertheless held that testator intended his heirs to be determined not as of the date of his death but as of the date of the wife life tenant's death. Important for our purposes, Mr. Justice Stearne points out that, under the Intestate Act of June 7, 1917, P. L. 429, the surviving spouse takes an estate of inheritance in both real and personal property.

In support of his position as to the wife's heirs, counsel for the sisters, nephews and nieces has cited Linn et al. v. Bowman, 77 Pa. Superior Ct. 261. In that case there was a devise to the heirs of H, who was living at the time of testator's death. It was held that the clearly expressed intention of testator was that the word "heirs" should be construed to mean "children". Such conclusion was necessary in order to avoid an intestacy. We do not consider this decision controlling in the present situation. Nemo est haeres viventis. No one is an heir to the living.

Nor should we be influenced by the argument that, if testator had contemplated the development which has occurred, he would doubtless have provided otherwise. Contentions as to the relative merits, from a standpoint of abstract justice, of alternative methods of distribution are not a proper subject of consideration by the court, since the judicial function is limited to the enforcement of testator's directions. If his language is clear it constitutes its own decree of distribution: Hogg's Estate, 329 Pa. 163, 167. In that case there was a bequest to a wife for life, then to four named children, and then to testator's grandchildren. There were three children born after the date of the will. It was held that the term "grandchildren" included the children of testator's afterborn children, despite the fact that said afterborn children had previously received the shares to which they would have been respectively entitled had their father died intestate. Mr. Justice Stern said (p. 167):

"Where there is a bequest to a class its members are determined as of the time appointed for distribution, and it is of no consequence that the testator, at the time of the execution of his will, may not have had in mind the individuals who might eventually come to compose such class."

Furthermore, we are satisfied that Robert Conner, as surviving spouse and heir of Elmira Diehl Conner, takes the entire one-half share in question. Our conclusion is supported by the enactment of the Wills Act of April 24, 1947, P. L. 89, which is not applicable to the present instrument. Section 14(4) of that act provides that the share of a spouse, other than the spouse of testator, shall not include the allowance, and is intended to change prior law in this respect.

In Heizmann's Estate, 18 Berks 250, testator died in 1922. His will provided that, if any devisee predeceased testator, the share in question should go to said devisee's heirs at law. One of the devisees had died in 1920, survived by a widow and brothers and sisters. It was held that the widow was an heir, and that she was entitled, under section 2(a) of the Intestate Act of 1917, supra, to the first $5,000 of her deceased husband's share, plus one half of the remainder.

In Bowen's Estate, 139 Pa. Superior Ct. 523, there was a bequest in trust for grandchildren, and upon the death of anyone, his share to go to his heirs. It was held that the word "heirs" included the surviving spouse. Judge Hirt said (p. 529): "This conclusion is reasonable, since, under the statute of distribution, a surviving spouse in addition to a specific sum, now takes a share of the estate along with the heirs at law."

Two incidental matters should be mentioned. (1) It was not proper to include the one-half share in question as an asset of Elmira Diehl Conner in the

proceeding whereby her entire estate, being less than the statutory allowance, was appraised and awarded to her surviving spouse. Robert Conner, as surviving husband and heir of Elmira Diehl Conner, does not take the one-half share in question from the estate of his deceased wife. He takes it by virtue of the will, and from the estate, of Lee Diehl. (2) The widow of Isaac Diehl, a brother who survived Lee Diehl but predeceased Elmira Diehl Conner, is not one of testator's heirs. It was not proper to include her in the proposed distribution of the other one-half share.

## Decree

Now, February 25, 1949, the objections are overruled and dismissed. Counsel will submit a decree of distribution in conformity with the foregoing opinion.