## Scarpaci Estate

*Robert L. Orr*, for exceptant.

*Genevieve W. Settino*, for accountant.

REED, P. J., December 4th, 1959.—The above estate was before the court for audit on November 25, 1959. Christ the King Church, Ambridge, has filed exceptions to the proposal that the balance of the estate for distribution be distributed to Nellie Tortorico, cousin, former housekeeper for decedent and the executrix of his estate.

Decedent's last will and testament and codicil thereto reads as follows: "April 30, 1953 "This is my last Will, cancelled any previous will. My executor will be my cousin Nellie Tortorico to whom I

give my instructions. If she find any money she will deliver $500.00 for the St. Francis Hospital, $500.00 to Roselia Home in Pgh. Pa., $500.00 for H. Masses at Christ the King Church, Ambridge, Pa. $500.00 to the Bishop of Pgh. Diocese for any Charity.

"Rev. L. G. Scarpaci

"Witness:

"Orlando R. Bufalini

"Anthony Pane"

"June 10, 1954

"This is an addition to my last will. In case of my cousin (Nellie Tortorico) dead after or before me if anything is left will go to the Christ The King Church, Ambridge, Pa. The Church is located on 10 Melrose Ave.

"Rev. Lawrence Scarpaci

"Witness:

"Lena P. Scalise

"Nellie Tortorico"

Nellie Tortorico asserts that she is the residuary beneficiary of the estate by reason of the wording of the codicil to said will and certain oral statements made to her by decedent in his lifetime to the effect "when he passed away that all his bills should be all paid and what little there was left, if there was anything, would all go to me, but he never stated the amount or whatever it was."

A will is the legal declaration of a person's intentions which he wills to be performed after his death. It is a disposition of his real and personal property to take effect after death. In Pennsylvania, the Wills Act of April 24, 1947, P. L. 91, 20 PS §180.2, provides in section 2 thereof:

"Every will, except nuncupative wills but including wills of mariners and persons in the Armed Forces of the United States, shall be in writing and shall be signed by the testator at the end thereof, . . ."

We are not here concerned with a nuncupative will but an interpretation of a written instrument purporting to be the last will and testament and codicil of decedent. We are not informed of any law in this Commonwealth that permits oral statements of a decedent to be incorporated as a part of his written will. We are of the opinion that the instrument admitted to probate is testamentary. Our only problem is one of interpretation and that is to decide from the instrument itself "not what the testator may have meant, but what is the meaning of his words." Swope Estate, 383 Pa. 494, 496. See also Farmers Trust Company v. Wilson, 361 Pa. 43.

An examination of the instant will and codicil clearly shows that there is no bequest of any kind to Nellie Tortorico. The codicil clearly states that ". . . if anything is left will go to the Christ the King Church, Ambridge, Pa. . . ."

We construe these words to be testamentary in character and dispositive of the remainder of the decedent's estate.

For these reasons, the exception is sustained and the balance of the estate, after deducting any additional costs of audit, is awarded to Christ the King Church, Ambridge. In the event said church does not elect to take the assets remaining in kind, then we order and direct the accountant to convert the remaining assets by sale and pay the same to the Christ the King Church, Ambridge.

The accountant will prepare a decree of distribution in accordance with this opinion.

### Order

Now, December 4, 1959, the exception of Christ the King Church of Ambridge is sustained and the balance of the assets of the estate remaining in the hands of the accountant for distribution is awarded to Christ the King Church, Ambridge.