PAUL F. MOORE & another, trustees, *vs.* LOUISE H. CANNON & others.

Hampden.    May 5, 1964. — June 5, 1964.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Devise and Legacy,* Adopted child, Gift to those entitled to receive by intestate succession. *Conflict of Laws. Words,* "Issue," "Heirs," "Child."

In the absence of any indication of a contrary intent in the will of one who executed it while domiciled in another State and died domiciled in Massachusetts, the law of Massachusetts governed the construction of the will, and the Massachusetts statutes relating to intestacy governed the determination of the recipients of a part of a testamentary trust fund under a provision of the will that in the event of the death of any child of the testator in certain circumstances such a part of the fund should go "to those who would have been entitled to receive such part . . . had such child died intestate vested with the title thereto," where one of the children died in the specified circumstances domiciled in Massachusetts. [597–598]

A will, providing that in the event of the death of any child of the testator "prior to the death of . . . [the testator's wife, the life beneficiary of a testamentary trust] leaving a wife or husband or issue of him or her surviving, and surviving . . . [the testator's] wife" the trustee should, upon the death of the testator's wife, pay over a certain part of the trust fund "to those who would have been entitled to receive such

part . . . had such child died intestate vested with the title thereto," indicated that, upon the occurrence of the event stated, such part of the trust property should be dealt with essentially as the child's own property passing under the statutes relating to intestacy, and, upon the death in 1943 of a son of the testator prior to the death of the testator's wife, leaving a wife and a child adopted by him after the testator's death, both of whom survived the testator's wife, the son's adopted child was entitled to share in the specified part of the trust fund under G. L. c. 210, § 7, as a statutory heir of the son; the rule of construction of the word "child" in § 8, as it read in 1943, where the testator was not himself the adopting parent, was inapplicable. [598–599]

PETITION filed in the Probate Court for the county of Hampden on September 26, 1961.

The case was reported by *Smith, J.*

*Edwin H. Lyman, Jr.,* for the petitioners.

*Frederick A. Stebbins* for the respondents Honoria P. Moore & another.

CUTTER, J. The trustees under par. Fourth of the will of Frank L. Moore (the testator) seek declaratory relief concerning the distribution of the trust corpus upon the death (on July 2, 1961) of Mabel B. Moore, the testator's widow. The case was presented upon the pleadings and a statement of agreed facts. The probate judge has reported the case to this court without decision.

The testator, at a time when his domicil was in New York, executed his will on January 20, 1925. He thereafter moved to Massachusetts where he died on January 6, 1926. His will was admitted to probate in Hampden County. When his will was made and at his death the testator owned 9,700 of 10,000 outstanding shares of Westfield River Paper Company, Inc. (Westfield). These shares constituted the bulk of his estate.

By par. Fourth of his will, the testator gave the residue of his estate in trust to pay the income principally to his wife, during her life. By par. Sixth, the testator directed that at the death of his wife, there be set up (subject to the provisions of par. Seventh) a trust for each then surviving child of the testator. The whole corpus of each such trust was to have been paid to the child by the time he had reached age thirty. Paragraph Seventh reads, "In the

event of the death of any of my . . . children prior to the death of my . . . wife, [A] *leaving a wife or husband or issue of him or her surviving, and surviving my said wife,* I hereby direct my . . . trustee upon the death of my . . . wife to . . . pay over the part of my estate which would have gone to such child . . . had he or she survived my . . . wife and lived to the age of thirty years, [B] *to those who would have been entitled to receive such part of my . . . estate had such child died intestate vested with the title thereto"* (emphasis supplied).[1]

In par. Fourth the testator directed that the trustees, if they should decide to sell any shares of Westfield, should "give to such of my *heirs* as may be actively interested in the management" of Westfield a ninety day option to purchase the shares at the trustees' appraisal of their value upon condition that the "purchasing *heirs*" agree to give a similar option to "any other of my *heirs* who may be so actively interested . . . before selling to outside interests" (emphasis supplied).

The testator left his widow and four children surviving him. At the widow's death on July 2, 1961, Paul Moore, one of the children, was still living and above the age of thirty. A daughter and a son each died before the testator's widow's death, each leaving no surviving husband or wife but leaving two children (by blood and not by adoption) all of whom are still alive. Donald Moore, a son of the testator, died on March 17, 1943, leaving his widow, Honoria, and also an adopted son, John Michael, both of whom are still living. It is conceded that Paul Moore now takes one quarter of the trust estate and that the testator's four grandchildren by blood (the children of his deceased daughter and a deceased son) each take one eighth of the

---

[1] The letters [A] and [B] in brackets are included for convenience in referring to the language immediately following these letters respectively. Paragraph Eighth contains somewhat similar language. "In the event of the death of any of my . . . children after the death of my . . . wife and before he or she arrives at the age of thirty years, I direct the trustee to . . . pay over the part of my estate which would have gone to such child . . . had he or she lived to the age of thirty years, to those who would have been entitled to receive such part had such child died intestate vested with the title thereto."

trust estate. The primary issue is whether John Michael Moore, adopted in Massachusetts by the testator's son Donald on April 12, 1938, more than twelve years after the testator's death in 1926, can share in the trust corpus by virtue of the provisions of par. Seventh, already quoted.

1. The validity and effect of the will and trust are to be determined by the law of Massachusetts where the testator had his domicil at his death, and the will is to be construed in accordance with that law, except as an actual contrary intention of the testator may be ascertained by usual methods of interpretation. See *Second Bank–State St. Trust Co.* v. *Weston,* 342 Mass. 630, 635–636; Restatement 2d: Conflict of Laws (Tent. draft No. 5, April 24, 1959), §§ 306, 308. Paragraph Seventh obviously refers (see the italicized language following point [B] quoted above) to the statute governing the intestate distribution of Donald Moore's estate. Since Donald died, with his domicil in Massachusetts,[2] on March 17, 1943, the statutes referred to are the Massachusetts statutes relating to intestacy. See G. L. c. 190, §§ 1 (prior to its amendment by St. 1945, c. 238), 2, and 3, as in force in 1943, and c. 210, § 7.[3] We perceive no indication of any actual intention on the part of the tes-

[2] It is not necessary to determine whether, if Donald's domicil at his death had been different from that of the testator, the rule outlined in *Lincoln* v. *Perry,* 149 Mass. 368, 373–374, would apply. See Am. Law of Property, § 22.58.

[3] Section 7, prior to its amendment by St. 1950, c. 737, § 5, read in part as follows: ''A person adopted in accordance with this chapter shall take the same share of the property which the adopting parent could dispose of by will as he would have taken if born to such parent in lawful wedlock, and he shall stand in regard to the legal descendants, but to no other of the kindred of such adopting parent, in the same position as if so born to him.'' General Laws c. 210, § 8, formerly read, ''The word 'child,' or its equivalent, in a . . . bequest shall include a child adopted by the . . . testator, unless the contrary plainly appears by the terms of the instrument; but if the . . . testator is not himself the adopting parent, the child by adoption shall not have, under such instrument, the rights of a child born in lawful wedlock to the adopting parent, unless it plainly appears to have been the intention of the . . . testator to include an adopted child.'' Section 8 has now been amended by St. 1958, c. 121, § 1, to read, ''The word 'child,' or its equivalent, in a . . . bequest shall include an adopted child to the same extent as if born to the adopting parent or parents in lawful wedlock unless the contrary plainly appears by the terms of the instrument.'' The 1958 statute (by § 2) made the amendment applicable only to ''grants . . . or bequests executed after the effective date of'' the 1958 statute. See *Perkins* v. *New England Trust Co.* 344 Mass. 287, 293–294.

tator that his will be interpreted by the law of any State other than that of his domicil.

2. The express condition (see words following point [A]) upon which the application of par. Seventh depends has occurred. Donald Moore, a child of the testator, did die "prior to the death of . . . [the testator's] wife, leaving a wife . . . or issue of him . . . surviving, and surviving . . . [the testator's] wife." The words "wife . . . or issue," of course, have some tendency to show that, in framing par. Seventh, the draftsman had in mind the probability that a wife or issue of the testator's deceased son would take by intestacy the son's share, but the dispositive words (following point [B]) do not confine the gift under par. Seventh to a deceased child's wife and issue. No such restriction should be implied.

The will used the word "issue" in the condition in par. Seventh and the word "heirs" in the provisions of par. Fourth concerning the sale of the Westfield stock. If either of these terms, which have some tendency to imply a blood relationship, had been used in the dispositive portion of par. Seventh, then there would be a more definite basis for saying that the rule of construction, contained in the pre-1958 form of G. L. c. 210, § 8 (see fn. 3, *supra*), would prevent Donald's adopted son, John Michael Moore, from sharing in the one fourth of the trust corpus which Donald would have taken if he had survived his mother and had attained age thirty.

The testator used, however, different terms (see point [B]), to designate the ultimate recipients of that part of the trust corpus, viz. "to those who would have been entitled to receive such [one-fourth] part . . . had such child died intestate vested with the title thereto." The question for decision is whether this form of expression makes it unnecessary to apply the pre-1958 rule of construction set out in old § 8.

In effect the testator has designated as distributees those persons who would have taken the trust property by intestate succession if Donald himself had owned the property

directly.  This is a designation of the statutory "heirs" of Donald, a term which includes John Michael.  The language indicates to us the testator's intention that, upon the occurrence of the condition, Donald's share of the trust property was to be dealt with essentially as Donald's own property, which the testator should have realized might pass to later adopted children of Donald.  As a matter of interpretation of the testamentary language, we hold that the same persons, including Donald's adopted son, take Donald's share of the corpus as would have taken Donald's own property by intestacy.

We have been referred to no Massachusetts case which deals with precisely this question.  The terms "issue," "heirs," and "children," under the pre-1958 form of c. 210, § 8, when used in a disposition by a person not the adoptive parent or a descendant of such parent, have been construed as not including an adopted child.  See *Wyeth* v. *Stone,* 144 Mass. 441, 443–444; *Walcott* v. *Robinson,* 214 Mass. 172, 176; *Bundy* v. *United States Trust Co.* 257 Mass. 72, 80; *Old Colony Trust Co.* v. *Wood,* 321 Mass. 519, 523–524; Powell, Real Property, §§ 372, 374; Newhall, Settlement of Estates (4th ed.) § 354.  We decline (despite what is said in Restatement: Property, § 305, comments c and bb) to extend those decisions to a case where the testator in effect has treated, for purposes of distribution, his deceased son Donald's share as if legal title to it had been vested in Donald.[4]  No present public policy (in view of the 1958 amendment of c. 210, § 8, see fn. 3) requires such an extension.

A decree is to be entered in the Probate Court declaring that the trust corpus is to be distributed (1) a one-fourth share to Paul F. Moore; (2) a one-eighth share to each of the two surviving children of Louise H. Gilbert, a deceased daughter of the testator; (3) a one-eighth share to each of

---

[4] This result appears to be consistent with the decisions in New York, where the will before us probably was drawn.  See *United States Trust Co.* v. *Hoyt,* 150 App. Div. (N. Y.) 621, 631–633; *Matter of Bates,* 173 Misc. (N. Y.) 703, 707–708 (Surr. Ct.); *Matter of Hecker,* 178 Misc. (N. Y.) 449, 450–451 (Surr. Ct.); *Matter of Mackie,* 202 Misc. (N. Y.) 795, 798 (Surr. Ct.).  See also *New England Trust Co.* v. *Sanger,* 151 Maine, 295, 306–307, 311; *Johnson's Appeal,* 88 Pa. 346, 353; *Kohler's Estate,* 199 Pa. 455, 457.  All these cases deal with statutes somewhat different from those here applicable.

the two surviving children of Robert D. Moore, a deceased son of the testator; (4) one third of the one-fourth share of the trust corpus (which Donald L. Moore would have taken if alive at the death of the testator's widow and then thirty years of age) to Honoria P. Moore, widow of Donald L. Moore, and two thirds of such one-fourth share to John Michael Moore. Costs and expenses of these proceedings, including the proceedings in this court, are to be in the discretion of the Probate Court.

*So ordered.*