## Nolen Estate

*Peck, Young & Vansant* and *John K. Young*, for accountant.

*John Edward Sheridan*, for remaindermen.

*William O. Napoliello*, guardian ad litem.

*Hugh P. Connolly*, for Commonwealth.

SHOYER, J., June 29, 1962.—This trust arises under the deed of trust dated December 1, 1932, a copy of which is hereto annexed, of Joseph F. Nolen, whereby settlor transferred his therein listed assets to North Philadelphia Trust Company (now, by merger, Girard Trust Corn Exchange Bank), trustee, in trust to pay the net income therefrom to settlor during his lifetime,

and upon his death to pay the net income to his wife so long as she lived, and "Upon the death of Settlor's wife, or, if the Settlor's wife should predecease the Settlor, the principal of said Trust Estate shall be divided into as many parts as the Settlor has children then living, and one share is to be given to each of Settlor's children then living except Joseph." The remaining share was to be held in trust, the net income from which was to be paid to Joseph so long as he lived, and at his death the principal was to be divided equally between the children of settlor, then living. The deed expressly reserves the right in the settlor to add to the trust, and recites the relinquishment of the right to revoke.

This account was filed because of the death of settlor on September 27, 1960. He left a will dated August 3, 1960, upon which letters testamentary were granted by the register of wills of Philadelphia to James A. Nolen, Sr. and James E. Nolen, executors . . .

Settlor's wife predeceased the settlor, she having died March 13, 1958.

Joseph Nolen, son of settlor, is stated to have died February 11, 1949, leaving no children surviving him.

Mary J. Henry, daughter of settlor, survived her mother, but died June 13, 1960, shortly before the death of settlor. Mary J. Henry was survived by her husband, Bernard T. Henry, and their daughter, Lois Henry, granddaughter of settlor, who is stated to be a minor who was born December 12, 1942.

Aside from the aforementioned granddaughter, settlor was also survived by a son, James E. Nolen, and a daughter, Lavine T. Dunn, each of whom is stated to be sui juris.

The statement of proposed distribution and notice to the parties in interest raise the sole question requiring adjudication as to whether the class of remaindermen is to be determined as of September 27,

1960 (date of settlor's death), or as of March 13, 1958 (date of death of settlor's wife).

By decree dated February 19, 1962, pursuant to petition filed by the accountant, I appointed William O. Napoliello, Esq., guardian ad litem for Lois Henry, a minor, aforementioned.

Mr. Napoliello has filed his report and supplemental report, which are hereto annexed. He therein reviews the history and provisions of the trust and his analysis and approval of the account. He therein states his conclusion that the class of remaindermen is to be ascertained as of the date of death of settlor's wife and that, accordingly, distribution of the remainder should be one-third to the personal representative of the estate of Mary J. Henry, deceased, and one-third to each of settlor's two children, James E. Nolen and Lavine T. Dunn. The guardian ad litem contends that the intent is clearly expressed in the deed of trust to fix the time of taking at the *death of his wife*, whenever it may occur ("upon the death of the Settlor's wife, or, if the Settlor's wife should predecease the Settlor, the principal of said Trust Estate shall be divided into as many parts as the Settlor has children then living, and one share is to be given to each of Settlor's children then living, except Joseph"), before or after settlor's death. It seems plain that the adverb of time "then"— "living"—refers to the wife's death and not to the death of settlor. This intent, plainly expressed, precludes the application of the rule of construction which provides for the determination of survivorship as of the date of death of testator or settlor: Metzgar Estate, 395 Pa. 322 (1959); Booth Trust, 400 Pa. 117 (1960).

The position advocated by the guardian ad litem is expressly approved and joined in by counsel for the surviving husband of settlor's deceased daughter, Mary J. Henry.

Counsel for settlor's two surviving children urge that the class entitled to the remainder should be determined as of the date of settlor's death. In support of this contention he cites Buzby's Appeal, 61 Pa. 111; Fitzpatrick's Estate, 233 Pa. 33; and Nass's Estate, 320 Pa. 380, in which cases the adverb "then" was construed to refer to the death of testator or settlor. In my opinion, these latter cases are here inapposite in view of the clearly expressed intent fixing the time for distribution of the *principal* of the trust of all shares, *except Joseph's* "Upon the death of Settlor's wife . . .", even if settlor's wife should predecease settlor.

That settlor did not intend the class to be determined as of his own death is further indicated in his disposition of the remainder of the trust which he created for Joseph by that same paragraph. There can be no question that "his death" refers to Joseph's death, and the ultimate takers of that share being "the children of the Settlor then living"; the possessive noun is tied to the children and has no relation to the adverb "then" indicating the time of taking.

Counsel also produced settlor's secretary, who testified to a conversation settlor had with her in 1960, shortly before his death, in an effort to establish settlor's understanding of the remainder interest of his children and granddaughter under his deed of trust. This testimony was clearly inadmissible. While testimony as to a testator's or settlor's surrounding circumstances *at the time* of execution is an aid to construction when there is an ambiguity, the question is not what settlor might have meant, or what, under the changed circumstance, he would like it to mean, but what he said in the deed: Metzgar Estate, supra; Booth Trust, supra.

In view of the foregoing, I find that the trust terminated upon the death of settlor, and the two sur-

viving children of the settlor must share the remainder equally with the estate of Mary J. Henry, deceased. Awards will be made accordingly . . .

And now, June 29, 1962, the account is confirmed nisi.